**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOUIE GREGORY GARCIA,

Defendant - Appellant.

No. 96-2152
(D. N. Mex.)
(D. Ct. No. 95-CR-330-1)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant to a total of 240 months incarceration pursuant to a plea agreement following

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant's indictment for crimes related to his alleged involvement as an accessory after the fact to a carjacking which resulted in the death of a 15 year-old girl. Both parties agree that the plea of guilty was entered pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C). The defendant failed to include the plea agreement in the record on appeal here. We have obtained the signed plea agreement from the district court and order it made a part of the record on appeal. In the plea agreement the parties agreed to a specified term of imprisonment. In the plea agreement the defendant also agreed to waive his right to appeal. On appeal here defendant alleges that his sentence "was imposed in violation of law" and therefore is appealable despite the constraints of 18 U.S.C. § 3742(c) and the express waiver contained in the plea agreement. We dismiss the appeal.

Defendant argues on appeal that a misstatement by the trial judge during the sentencing colloquy regarding his right to appeal should vitiate the specific terms of the plea agreement. The plea agreement is clear and states:

Paragraph No. 9

The defendant is aware that Tile 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was

2

determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Thus, prior to any colloquy in court, the plea agreement, which is written in clear and unambiguous terms and to which the defendant agreed, makes clear that the defendant is waiving his right to appeal his sentence. Further, in examining the transcript of the sentencing proceedings dated February 20, 1996, and prior to any misstatement, the court specifically examined both co-defendants with respect to the waiver of the right of appeal. The transcript contains the following colloquy:

> THE COURT: All right. Both of you understand that you have the right to appeal the sentence imposed. However, under the terms of your plea agreement, both of you are waiving your right to appeal the sentence that I impose.
>
> You're also waiving your right to challenge the manner in which the sentence has been determined. In other words, once I sentence you, at least as far as the sentence goes, you have no right whatsoever to appeal the sentence that I impose.
>
> Do you understand that?
>
> MR. DeHERREREA: Yes, Your Honor.
>
> MR. GARCIA: Yes, sir.

Thus, both in the plea agreement and in open court, the defendant was informed about the waiver of the right to appeal and answered affirmatively that

he understood it. It was at that point that the district court made the statement that defendant alleges misled him with respect to his rights of appeal. The court stated:

> THE COURT: As to you, Mr. Garcia, you waive that right so long as the sentence imposed is within the sentencing guideline range. In other words, if I were to go above the guideline, you'd have the right to appeal that, but as long as my sentence is within the guideline range, you have waived your right to appeal.
>
> Do you understand that?
>
> MR. GARCIA: Yes sir.

Although the foregoing may have misstated the precise effect of the waiver of appeal, the defendant cannot argue here that he was misled by that statement into entering into the plea agreement with the waiver of the right of appeal.

We have examined the transcript of the sentencing hearing, the plea agreement, and all relevant portions of the record in this appeal, and conclude that the plea agreement was entered knowingly and voluntarily by the defendant in exchange for promises favorable to the defendant made by the United States Government. The sentence of 240 months imposed upon defendant is not the result of an incorrect application of the Sentencing Guidelines and is not greater than the sentence specified in the plea agreement. We hold that the sentence was not imposed in violation of law. The statutory constraints of 18 U.S.C. § 3742(c)

prohibit the appeal of this sentence. Under these circumstances, we hold that the defendant is not entitled to appeal the sentence that the district court imposed pursuant to the negotiated plea agreement under Federal Rule of Criminal Procedure 11(e)(1)(C). Appeal **DISMISSED**.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge